Shauck, J.
By the judgment of the circuit court the summons appears to be unduly exalted and its function perverted. It is but a warning to the defendant to appear on the date named, the result of his failure to appear being that the court will proceed in the determination of his rights as though he were actually present. It is in no proper sense a writ to coerce his actual appearance. It is not an exercise of the jurisdiction of the court, but -a notification preliminary to its exercise. Although the issuance of the summons may be required by statute it is not necessary if it appears from the record that the purpose of notification, which the summons is ¡intended to accomplish, is effected otherwise. This *339 appears in all the numerous cases in which it has been held that although no summons has been issued the court has jurisdiction of the persons of all who according to the record have appeared and contested the merits of the case. Since it appears from the record in the present case that the issuance and service of summons were waived by the officer who is expressly authorized to receive service of summons, every consideration of reason appears to be satisfied.
It is true that section 7359 of the Revised Statutes, which relates to proceedings in error in criminal cases, provides for the issuance of a summons in error upon the filing of the petition in error and a precipe. But the terms of the section show that, like the summons in an original action or the summons in error in a civil proceeding, it has no purpose beyond that which the endorsement of the prosecuting attorney shows to have been accomplished in the present case. The analogy between the provisions relating to the institution of proceedings in error and those relating to the institution of an original action are top familiar to the bar of the state to call for discussion. When the proper relations of means to ends are observed it seems quite clear that the court of common pleas had jurisdiction to affirm or reverse the judgment below. ' The circuit court having erroneously concluded that the court of common pleas was without jurisdiction, and having itself for that reason failed to consider the merits of the case, its judgment will be reversed and the case will be remanded to that court for further proceedings..
Spear, C. J., Davis, Price, Crew and Summers3 JJ., concur.